IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDOLPH J. THURBER,<br><br>        Plaintiff,<br><br>    vs.<br><br>STATE OF NEBRASKA, et al.,<br><br>        Defendants. | 4:06CV3174<br><br>ORDER |

    This matter is before the court on defendants' Motion in Limine [82] to exclude the testimony of plaintiff's expert witnesses pursuant to Fed. R. Civ. P. 37(c) . The movants have substantially complied with NECivR 7.1(i). The plaintiff did not respond to the motion.

    Plaintiff was ordered to serve all expert witness reports required by Fed. R. Civ. P. 26(a)(2) by November 1, 2007. (Doc. 75). Under Rule 26(a)(2)(B), disclosure of any retained witness, or person "specially employed to provide expert testimony in the case whose duties as an employee of the party regularly involve giving expert testimony," must "be accompanied by a written report prepared and signed by the witnesses." Fed. R. Civ. P. 26(a)(2)(B).

    No extension of the November 1 deadline was requested. The court file in this case is, in fact, silent as to whether the plaintiff ever actually designated any expert witnesses or served any expert witness reports; the plaintiff did not file certificates of service for any Rule 26(a)(2) disclosures as required by the initial case progression order (Doc. 71 at ¶ 4) and NECivR 26.1.[1] Based on the information contained in defendants' motion and brief,

---

    [1]The rule provides:
**26.1 Service of Disclosures.**
  **(a) Certificate of Service.** When serving disclosures pursuant to Federal Rule of Civil Procedure
    26(a)(1) and (2), the disclosing party shall file with the court a certificate of service.
It has been difficult to assess the merits of this motion due to the lack of basic information in the court file. For example, no deposition notices were filed in this case by any party, although it is obvious that depositions were taken. Defendants' brief indicates that the plaintiff's expert witnesses were originally scheduled to be

it appears that the plaintiff may intend to call Lisa Young and Peggy L. Carson as expert witnesses.  Apparently, these individuals are medical professionals who have developed opinions regarding the plaintiff's alleged mental anguish and suffering.

In the brief (Doc. 83), defense counsel advise that Rule 26(a)(2) information for Lisa Young was provided on November 14, 2007, and Carson's expert report or diagnosis was not provided until the time of her deposition, on December 5, 2007.  The court is further advised that both witnesses have refused to provide the background information upon which their diagnoses or opinions are based.

Pursuant to Fed. R. Civ. P. 37(c)(1),

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A)   may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B)   may inform the jury of the party's failure; and
>
> (C)   may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Thus, failure to disclose an expert witness required by Rule 26(a)(2)(B) will justify the exclusion of testimony at trial, unless the failure is justified or harmless.  *See Crump v. Versa Products, Inc.*, 400 F.3d 1104, 1110 (8th Cir. 2005).  "Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure.  The burden of establishing substantial justification and harmlessness is upon

---

deposed on November 8, 2007.  Exhibits 19 and 20 of plaintiff's Index (Doc. 89) in opposition to the defendants' pending motion for summary judgment show that Adams and Carson were deposed on November 28, 2007 and December 5, 2007, respectively, for purposes of both this case and a case that is pending in the District Court for Lancaster County.

the party who is claimed to have failed to make the required disclosure." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

The plaintiff has not shown any justification at all for his failure to timely provide the required information, and the court finds that plaintiff's failure to timely serve expert witness disclosures was not substantially justified.

Turning to the issue of "harmlessness," the court accepts as true the statements made in the defendants' motion and brief, as the plaintiff has not filed any response thereto.  Based on the uncontroverted information provided by the defendants, the court understands that Carson and Young were consulted as "damages" experts, not to provide expert testimony on the issue of discrimination.  Young has refused to divulge essential background information, preventing the defendants from effectively investigating her testimony.  Defendants could not effectively depose Carson due to plaintiff's failure to provide the information required by Rule 26(a)(2) until the actual time of her deposition.

The court finds that plaintiff's failure to serve expert witness disclosures was not substantially justified and was not harmless.  Pursuant to Fed. R. Civ. P. 37(c)(1),

**IT IS ORDERED** that defendants' Motion [82] is granted, and the plaintiff is hereby prohibited from calling either Lisa Young or Peggy Carson to testify or present evidence at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.

**DATED March 7, 2008.**

                                          **BY THE COURT:**

                                          s/ F.A. Gossett
                                          **United States Magistrate Judge**