IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RANDOLPH J. THURBER,** | ) | **CASE NO. 4:06CV3174** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **STATE OF NEBRASKA,** | ) | |
| **DEPARTMENT OF HEALTH AND** | ) | |
| **HUMAN SERVICES, TERESA TACK-** | ) | |
| **STOGDILL, and JONI GEBHARD,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion for Summary Judgment (Filing No. 79), Defendants' Motion to Extend Time to Provide Final Exhibit List to Plaintiff (Filing No. 94); and Defendants' Objection to Filing No. 89 (Filing No. 99). For the reasons stated below, the Motion for Summary Judgment will be granted and the remaining motions are denied as moot.

## FACTS

In the Fourth Amended Complaint (Filing No. 58), the Plaintiff Randolph J. Thurber ("Thurber") alleges that the Defendants discriminated against him on the basis of his sex,[1] in violation of 42 U.S.C. § 2000e *et seq.* ("Title VII"). Although the Fourth Amended Complaint and Thurber's brief in opposition to the Motion for Summary Judgment also make reference to Thurber's age, the Fourth Amended Complaint presents no claim of age discrimination.[2]

---

[1] Thurber and the Defendants refer to the alleged discrimination as based on "gender." The Court uses the term "sex" because Title VII prohibits discrimination based on "sex," not "gender." Words have gender; people have sex.

[2] Thurber's brief in opposition to the Motion for Summary Judgment also purports to argue a disparate impact claim. No such claim is presented in the Fourth Amended Complaint, and only Thurber's disparate treatment claim will be considered. See

The Defendants' brief in support of the Motion for Summary Judgment (Filing No. 80) contains separately numbered statements of fact with pinpoint citations to the evidentiary record, in compliance with NECivR 56.1(a)(1). Thurber's brief in opposition to the Motion for Summary Judgment (Filing No. 87) contains no response to the Defendants' separately numbered statements of fact, as required by NECivR 56.1(b)(1). Accordingly, the Defendants' statements of fact are deemed admitted and are summarized below.[3]

On or about June 1, 2005, Defendant State of Nebraska Department of Health and Human Services ("HHS") determined that it had eight Service Coordinator positions that needed to be filled. The positions were advertised, with a closing date of June 27, 2005, and HHS received 64 applications for the positions, including an application from Thurber who previously had been employed by HHS in the position of Developmental Disabilities Service Coordinator from July 1, 1992, to September 27, 2002.

Thurber and 36 other candidates were selected for interviews based on their applications. HHS used a standardized interview process, in which candidates were interviewed by a team of two Service Coordinator Supervisors. The interview teams asked the candidates standard questions created by a state-wide panel of Service Coordinator Supervisors, and scored the candidates immediately after the interviews, based on pre-established criteria. Thurber was interviewed on July 29, 2005, by Service Coordinator Supervisors Teresa Tack-Stogdill and Joni Gebhard. As a result of the interview process,

---

*Young v. Olds*, 168 Fed. Appx. 140 (8th Cir. 2006).

[3] The Defendants filed an Objection (Filing No. 99) to Filing No. 89, the Plaintiff's Index of Evidence, alleging that it does not conform to Fed.R.Civ.P. 56(c) and (e). The result in this matter would be the same whether I sustained or overruled the Defendants' objection. The motion will be denied as moot.

Thurber received a score of 14.25. The four candidates who were awarded the positions received scores of 18 or higher. The 33 unsuccessful candidates received interview scores of 17 or lower, except one candidate who scored 18.75, but was not hired based on the results of a reference check.

All four successful candidates were female. Twenty unsuccessful candidates were female and thirteen were male. The only reason Thurber was not hired was because his interview score was 14.25, which was lower than the interview scores of the successful candidates. Thurber filed a complaint with the NEOC on September 26, 2005, and filed this action on July 25, 2006.

## STANDARD OF REVIEW

In the context of a summary judgment motion, the Court's function is to consider the evidence and determine whether the moving party is entitled to judgment as a matter of law. The proponent of a motion for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P. 56(e)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.*

Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of his claim. *Whitley v. Peer Review Systems, Inc.*, 221 F.3d 1053, 1055 (8th Cir. 2000). "[T]his Court . . . has noted that 'there is no "discrimination case exception" to the application of Fed.R.Civ.P. 56, and it remains a useful pretrial tool to determine whether or not any case, including one alleging discrimination, merits a trial.'" *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005)(quoting *Berg v. Norand Corp.*, 169 F.3d 1140, 1144 (8th Cir.1999)).

## DISCUSSION

A plaintiff may prove discrimination in a Title VII claim in two ways: with "direct evidence . . . showing a specific link between the alleged discriminatory animus and the challenged decision, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action," or "by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973).

Thurber has not presented direct evidence of conduct or statements by Tack-Stogdill or Gebhard showing that they failed to recommend him for a position based on his sex, and, therefore, the three-step, burden-shifting *McDonnell Douglas* framework applies. Using that framework, Thurber first must establish a prima facie case of sex discrimination. He must show: membership in a protected group, qualification and application for an available position, rejection, and the hiring of an employee similarly situated but not a

4

member of the protected group. *Peterson v. Scott County,* 406 F.3d 515, 521–22 (8th Cir. 2005). At the prima facie stage, the plaintiff's burden is not onerous. *Id.* at 522 (citing *Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004)). If Thurber makes a prima facie showing, the Defendants must proffer a legitimate, nondiscriminatory reason for the adverse action. *Id.* at 521 (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). If the Defendants proffer such a reason, then Thurber has the opportunity to demonstrate that "the defendant[s'] proffered reasons are in fact a mere pretext for unlawful discrimination." *Id.* (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 516–17 (1993)). "On summary judgment the plaintiff need only present evidence sufficient to raise genuine doubt as to the legitimacy of the defendant's motives." *Id.* at 522 (citing *O'Bryan v. KTIV Television*, 64 F.3d 1188, 1192 (8th Cir. 1995)).

Thurber has met his burden of presenting a prima facie case of discrimination, for purposes of the pending motion for summary judgment. He has shown that he is a member of a protected group; that he applied for an available position; that he was qualified for the position; that he was rejected for the position; and that similarly situated[4] employees who were not members of the protected group were hired instead.

The Defendants have proffered a nondiscriminatory reason why Thurber was not hired, *i.e.*, unbiased employees serving as interviewers concluded that other applicants

---

[4] I recognize that the Defendants argue that Thurber and the successful candidates were not similarly situated, because the successful candidates performed better than Thurber in their interviews. For purposes of the pending motion, I find that Thurber has satisfied the elements of the prima facie case.

interviewed better than Thurber.[5]  To survive summary judgment, Thurber must raise a genuine issue of material fact as to whether the Defendants' proffered reasons for their action were a pretext for discrimination.  *Peterson*, 406 F.3d at 521.  To support his claim of pretext, Thurber argues that he had more relevant work experience than the applicants who were hired.

The Eighth Circuit repeatedly has noted that "the employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination."  *Gilbert v. Des Moines Area Community College,* 495 F.3d 906, 916 (8th Cir. 2007), quoting *Hutson v. McDonnell Douglas Corp.* 63 F.3d 771, 781 (8th Cir. 1995).

Thurber has not rebutted the Defendants' assertion that their hiring decisions were based on the applicants' performance in the interview process.  His contention that greater weight should have been given to his work experience does not raise an inference of sex discrimination, nor is it significantly probative of discriminatory intent.  The Defendants' proffered explanation for their actions has a basis in fact; it is supported by the evidentiary record; and it is the rationale consistently presented by the Defendants in support of their actions.  Thurber has not met his burden of coming forward with evidence upon which a reasonable jury could find that the Defendants' explanation was a mere pretext for sex discrimination.

---

[5]According to the Defendants' statement of facts, deemed admitted under NECivR 56.1(b)(1) because Thurber failed to respond to it, Thurber's low interview score was the *only* reason why the Defendants hired other applicants instead of hiring Thurber.  Thurber's sex, therefore, was not a factor.

6

Accordingly,

IT IS ORDERED:

1. The Defendants' Motion for Summary Judgment, Filing No. 79, is granted;

2. The Defendants' Motion to Extend Time to Provide Final Exhibit List to Plaintiff, Filing No. 94, is denied as moot;

3. Defendants' Objection to Filing No. 89, Filing No. 99, is denied as moot; and

4. A separate Judgment will be entered, dismissing the Plaintiff's action, with prejudice.

Dated this 7th day of March, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge